E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ALISSA FURRY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, and JEREMY SIEPKER<br><br>Defendants. | CASE NO.<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: CHELSEA HUISMAN

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Amy Beck and Ashley Griffin of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 561-5818 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

______________________________

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

EXHIBIT
A
exhibitsticker.com

# Iowa Judicial Branch

*Case No.* **LACL164600**
*County* **Polk**

*Case Title* ALISSA FURRY VS CITY OF POLK CITY IOWA ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **11/19/2025 08:56:45 AM**

*District Clerk of Court or/by Clerk's Designee of* Polk *County*
**/s/ Jeremy Alvarez**

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ALISSA FURRY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, and JEREMY SIEPKER<br><br>Defendants. | CASE NO.<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: CITY OF POLK CITY, IOWA

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Amy Beck and Ashley Griffin of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 561-5818 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

________________________________
CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

# Iowa Judicial Branch

*Case No.* **LACL164600**
*County* **Polk**

*Case Title* ALISSA FURRY VS CITY OF POLK CITY IOWA ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **11/19/2025 08:56:45 AM**

*District Clerk of Court or/by Clerk's Designee of* Polk *County*
***/s/* Jeremy Alvarez**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ALISSA FURRY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, and JEREMY SIEPKER<br><br>Defendants. | CASE NO.<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT: JEREMY SIEPKER

You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as a defendant in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Amy Beck and Ashley Griffin of Fiedler Law Firm, P.L.C., whose address is 8831 Windsor Parkway, Johnston, Iowa, 50131. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 561-5818 (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

________________________________

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

E-FILED 2025 NOV 19 8:56 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACL164600**
*County* **Polk**

*Case Title* ALISSA FURRY VS CITY OF POLK CITY IOWA ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **11/19/2025 08:56:45 AM**

*District Clerk of Court or/by Clerk's Designee of* Polk *County*
**/s/ Jeremy Alvarez**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ALISSA FURRY,<br><br>Plaintiff,<br><br>VS.<br><br>CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, and JEREMY SIEPKER,<br><br>Defendants. | NO. ____________<br><br>**PETITION AND JURY DEMAND** |

COMES NOW Plaintiff Alissa Furry and for her cause of action against Defendants states the following:

**INTRODUCTION**

1. This is a civil action for damages and equitable relief arising from violations of Plaintiff's rights under the United States Constitution and Iowa Code Chapter 80F.

2. Plaintiff Alissa Furry is an Iowa resident.

3. Defendant City of Polk City, Iowa, is a political subdivision of the State of Iowa located in Polk County, Iowa.

4. Defendant Chelsea Huisman is the City Manager for the City of Polk City, Iowa, and is sued in her individual and official capacities.

5. Defendant Jeremy Siepker is the Police Chief for the City of Polk City, Iowa, and is sued in his individual and official capacities.

6. The acts and omissions of which Plaintiff complains occurred in Polk County, Iowa.

**FACTUAL BACKGROUND**

6. On August 24, 2023, Defendant Polk City hired Alissa as a Firefighter/Paramedic.

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

7. Alissa's duties primarily consisted of serving as a lead paramedic on high and low acuity EMS calls, performing firefighter and driver operator duties on rescue and engine operations, managing station and equipment maintenance, and conducting medication counts and inventories.

8. Before joining the Polk City Fire Department, Alissa worked with Fire Chief Karla Hogrefe at the Clive Fire Department.

9. Throughout her employment with Defendant, Alissa's performance reviews indicated she met or exceeded expectations.

10. In fall 2023, Alissa received her first Lifesaving Award after acting as Paramedic in Charge on a cardiac arrest call.

11. In January 2024, Alissa was recognized with the Rookie of the Year award, as voted on by her peers.

12. A few months later, Alissa received another Lifesaving Award after acting as Paramedic in Charge on a cardiac arrest call.

13. In November 2024, Alissa received a third Lifesaving Award for her leadership in responding to a cardiac arrest call.

14. In January 2025, Alissa was voted Medic of the Year by her peers.

15. Chief Hogrefe noted in the review that Alissa "is always honest and tactful," avoids gossip and drama, and addresses conflict head-on when it arises.

16. On August 8, 2025, Alissa acted as Paramedic in Charge on a two-year-old drowning call and received a fourth Lifesaving Award.

17. On August 18, 2025, Alissa submitted a letter of interest for a lieutenant position with the department after being urged to apply by Chief Hogrefe.

18. Prior to September 2025, Defendants had never disciplined Alissa or raised any concerns about her job performance.

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

19. On September 9, 2025, Alissa interviewed for the lieutenant position.

20. The next day, Alissa learned the news about the killing of conservative activist Charlie Kirk.

21. On September 10, 2025, at 8:03 p.m., while off-duty at home, Alissa posted on her personal Facebook account about the shooting of Mr. Kirk.

22. The post stated: "Why I really don't care that this guy died from gun violence. He was a bigoted prick, and according to his own words he died in an acceptable way. I have as much sympathy and empathy for him as that insurance CEO that was killed. I do care that two high school students were critically injured today due to gun violence at their school. Unfortunately I'm seeing way more about this a-hole on my Facebook than I am the kids that were hurt."

23. Alissa's Facebook post was political commentary on national debates over gun violence and was made as a private citizen on her personal social media account.

24. Alissa's post referenced Charlie Kirk, a national political figure who had publicly stated that gun deaths were an acceptable cost to preserve Second Amendment rights.

25. Alissa's post expressed her frustration with the way society prioritizes political figures while minimizing the devastating impact of gun violence on ordinary people, especially children.

26. Alissa's former coworker, former Clive Fire Department Lieutenant Eric Delker, contacted Alissa and advised her to be cautious about what she posts on social media.

27. Within approximately four minutes of making the initial post, Alissa deleted it.

28. On September 10, 2025, at 8:21 p.m., while off-duty at home, Alissa made a second post on her personal Facebook account that stated: "Meanwhile all I'm seeing is people extolling the virtues of the guy that said empathy is fake and condoned deaths from gun violence as long as we get to keep the second amendment. And yet people who are out of empathy to care about him are the bad ones."

29. The second post shared an image stating: "Today in America: we interrupt the assassination at a college to bring you news of a shooting at a high school."

30. At 8:33 p.m., while off-duty at home, Alissa made a third post sharing an Oscar Wilde quote that read, "Some men improve the world only by leaving it," with the caption, "I can choose to 'not celebrate' but also not be sad."

31. Alissa's Facebook posts did not mention the City of Polk City, her employment, the Fire Department, or any city official.

32. Alissa's Facebook posts did not contain threats, harassment, obscene language, or discriminatory remarks.

33. Alissa's Facebook posts were not directed at any co-worker, supervisor, or citizen of Polk City.

34. Alissa's Facebook profile was private, and only her Facebook friends could view her posts.

35. Out of an abundance of caution, Alissa deactivated her Facebook account; however, her husband accidentally reactivated it the next day. Alissa then took steps to deactivate the account again and remove references to her employer in her profile.

36. On September 11, 2025, at approximately 9:30 a.m., Alissa personally lowered the flag at the fire station for 9/11 in accordance with the President's order.

37. Later that day, during a meeting, Chief Hogrefe stated that Eric Delker had sent her Alissa's Facebook post.

38. Alissa acknowledged the post and informed Chief Hogrefe that it had already been deleted and her Facebook had been deactivated.

39. Chief Hogrefe requested that Alissa review the City's social media policy and said she would do the same.

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

40. There was no indication during this conversation that Alissa was in any trouble or had violated any policies.

41. Chief Hogrefe also discussed that Alissa's profile was locked down and private, but that Alissa should remove her workplaces to be safe.

42. Chief Hogrefe expressed during the meeting that she did not know who Charlie Kirk was and did not really care about him either.

43. On September 12, 2025, Police Chief Jeremy Siepker called Chief Hogrefe to discuss Alissa's Facebook post.

44. Defendant Siepker claimed he had received complaints from police officers about Alissa's Facebook posts.

45. Defendant Siepker asked Chief Hogrefe to address the situation.

46. On September 16, 2025, at 8:08 a.m., Chief Hogrefe called Alissa and informed her that she was being placed on administrative leave due to her social media posts.

47. The phone call lasted approximately four minutes.

48. During the call, Chief Hogrefe appeared upset and indicated that she did not support the decision to place Alissa on administrative leave.

49. Chief Hogrefe stated that "her hands were tied."

50. When Alissa asked about the likelihood of termination, Chief Hogrefe said "it's not looking good."

51. Chief Hogrefe said multiple people had complained to the City and that Alissa's post was "going around."

52. On September 22, 2025, City Manager Chelsea Huisman and Chief Hogrefe interviewed Alissa.

53. Alissa stated that the posts were made on her personal, private Facebook page and that she was neither representing nor speaking on behalf of the City when she made the posts.

54. Alissa explained that her posts did not include harassment, violence, hate speech, or discriminatory remarks.

55. She added that her posts were consistent with political content she had seen co-workers and other City employees share on Facebook.

56. Alissa's post did not violate the City's policies.

57. Alissa shared that she deleted her posts, removed her employment information from her Facebook profile, and deactivated her Facebook account as a precaution.

58. Alissa clarified that deleting the posts was not an admission of wrongdoing.

59. During the interview, Alissa confirmed that: (i) she was not on the clock when she made the social media posts; (ii) she did not post a photo of herself in City uniform; (iii) she was not speaking on behalf of the City; (iv) she was sharing frustration with the focus on someone who "spread a lot of hateful speech in their life" and that other gun violence victims, like high-school students, are getting ignored; (v) she believed her posts were political speech; (vi) her speech was not directed at Polk City employees, supervisors or residents; (vii) her posts did not contain threats, harassment or discriminatory language; (viii) she believed her posts were in compliance with City policies; (ix) she deleted the posts, removed her workplaces, and then deactivated her Facebook page; (x) she did not believe this caused any disruption at work or caused her to miss any calls from work; and (xi) she believed her performance evaluations and reviews to be exemplary.

60. On September 27, 2025, Defendant Huisman completed an internal investigation report recommending that Alissa be terminated for allegedly violating the City's social media policy, employee conduct policy, and workplace violence policy.

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

61. During Alissa's employment with Polk City, no patient ever complained about the quality of care Alissa provided.

62. During the City's investigation, none of the individuals who were interviewed reported that Alissa had ever refused to care for a patient, failed to respond to a call, or treated a patient differently based on political views.

63. On September 29, 2025, Chief Hogrefe sent Alissa a Notice of Proposed Action recommending her termination.

64. The Notice stated the recommendation was based on alleged violations of the City's Social Media and Social Networking Policy, Employee Conduct Policy, and Workplace Violence Policy.

65. The Notice scheduled a hearing for September 30, 2025, at 9:00 a.m., providing Alissa less than 24 hours' notice.

66. The hearing was later rescheduled to October 3, 2025, at 9:00 a.m.

67. During the hearing, Defendant Huisman refused to answer questions about the investigation or termination decision.

68. Instead, Defendant Huisman required Alissa and her counsel to submit questions in writing, which they did.

69. On October 8, 2025, Defendant Huisman provided written responses on behalf of the City, confirming Alissa's protected speech was the sole basis for the proposed action.

70. On October 23, 2025, Alissa provided a supplemental response, confirming that her Facebook posts were political speech and made as a citizen, not in any official capacity.

71. Within 24 hours, on October 24, 2025, the City issued its final termination notice, ending Alissa's employment.

72. The City agreed to hold the termination in abeyance through November 3, 2025, but as of this filing has not reinstated Alissa or changed its position.

73. Other City employees, all of which were men, made numerous political posts on social media, including derogatory remarks about political figures and jokes violating City policies, but received no discipline.

74. Karla Hogrefe was an employee and agent of the City of Polk City, acting at all material times in the scope of her employment and agency.

75. Defendant Chelsea Huisman was an employee and agent of the City of Polk City, acting at all material times in the scope of her employment and agency.

76. Defendant Jeremy Siepker was an employee and agent of the City of Polk City, acting at all material times in the scope of his employment and agency.

**COUNT I**
**FIRST AMENDMENT RETALIATION**
**42 U.S.C. § 1983**

77. Plaintiff repleads paragraphs 1 through 76 as if fully set forth herein.

78. The First Amendment to the United States Constitution guarantees the right to freedom of speech.

79. Plaintiff engaged in constitutionally protected speech under the First Amendment when she made posts on her personal Facebook account, regarding the shooting of political commentator Charlie Kirk.

80. Plaintiff's Facebook posts addressed matters of public concern, namely gun violence, political commentary, and the actions of a public figure who had publicly stated that gun deaths were an acceptable cost to preserve Second Amendment rights.

81. Plaintiff spoke as a private citizen and not pursuant to her duties as a Firefighter/Paramedic for the City of Polk City.

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

82. Plaintiff's posts did not reference the City of Polk City, the Fire Department, her employment, or any city official.

83. Plaintiff's speech was made off-duty, at home, on her personal Facebook account, and on her personal device.

84. Plaintiff's speech did not cause, or reasonably threaten to cause, any material disruption to the operations of the City or the Fire Department.

85. Defendants, acting under color of state law, took adverse employment actions against Plaintiff by placing her on administrative leave, subjecting her to a formal investigation, and terminating her employment.

86. Defendants took these adverse actions and terminated Plaintiff's employment because of the content and viewpoint of her protected speech.

87. Defendant Chelsea Huisman, acting under color of state law and in her capacity as City Manager of Polk City, recommended and effectuated Plaintiff's termination based on her disagreement with Plaintiff's expression.

88. Defendant Jeremy Siepker, acting under color of state law and in his capacity as Police Chief of the Polk City Police Department, recommended Plaintiff's termination based on his disagreement with Plaintiff's expression.

89. Under the City's own policies, the City Manager possesses final authority over employee terminations. The decision to terminate Plaintiff was an official act of the City of Polk City and constituted final municipal policy. In the alternative, the City ratified the City Manager's recommendation with full knowledge of the basis for the action.

90. Plaintiff's protected speech was a substantial or motivating factor in Defendants' decision to take these adverse actions.

91. Defendants' actions would deter a person of ordinary firmness from exercising their First Amendment rights.

92. At the time of Plaintiff's termination, it was clearly established law that a public employer may not terminate an employee for speech made as a private citizen on a matter of public concern absent evidence that the speech meaningfully impaired discipline, workplace harmony, or operational efficiency.

93. Defendant Chelsea Huisman acted maliciously or with reckless or callous indifference to Plaintiff's federally protected rights.

94. Defendant Jeremy Siepker acted maliciously or with reckless or callous indifference to Plaintiff's federally protected rights.

95. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages including, but not limited to, lost wages and employment benefits, mental and emotional distress, fear, anguish, humiliation, anxiety, embarrassment, damage to her professional reputation, and lost enjoyment of life.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages against Defendant Chelsea Huisman and Defendant Jeremy Siepker, in their individual capacities, to deter them and other officials from engaging in similar conduct, for prejudgment and postjudgment interest, for attorney fees and litigation expenses, for the costs of this action, and for such other relief as the Court deems just and appropriate, including injunctive relief preventing future retaliation.

**COUNT II**
**VIOLATION OF IOWA CODE CHAPTER 80F**

96. Plaintiff repleads paragraphs 1 through 95 as if fully set forth herein.

97. Plaintiff is a "peace officer" within the meaning of Iowa Code Chapter 80F.

98. Iowa Code section 80F.1(15) provides:

> An officer shall have the right, as any other citizen, to engage in political activity except while on duty as long as the officer's political activity does not violate the federal Hatch Act, 5 U.S.C. §1501 et seq. An officer shall not be required to engage in political activity by the officer's agency, a representative of the officer's agency, or any other agency.

99. Plaintiff's Facebook posts on September 10, 2025, constituted "political activity" within the meaning of Iowa Code section 80F.1(15).

100. Plaintiff was off-duty when she made the posts.

101. Plaintiff was not in uniform when she made the posts or in any photos related to the post.

102. Plaintiff was not acting in an official capacity when she made the posts.

103. Plaintiff's Facebook posts expressed political commentary on gun violence, the Second Amendment, and the statements of a national political figure, all matters of political concern protected by section 80F.1(15).

104. Defendant City of Polk City, through its agent City Manager Chelsea Huisman, disciplined Plaintiff and proposed to terminate her employment as a direct result of her exercise of the protected right to engage in political activity.

105. Defendant Chelsea Huisman, in her individual capacity, directly participated in the investigation of Plaintiff's protected political speech and issued the recommendation for Plaintiff's termination based on that speech.

106. Defendants' actions in placing Plaintiff on administrative leave, conducting an investigation, and recommending termination constitute a direct violation of Iowa Code section 80F.1(15).

E-FILED 2025 NOV 18 2:19 PM POLK - CLERK OF DISTRICT COURT

107. As a result of Defendants' violation of Iowa Code section 80F.1(15), Plaintiff has suffered lost wages, lost benefits, lost opportunity for promotion, and other financial and emotional harm.

WHEREFORE, Plaintiff Alissa Furry respectfully requests that the Court enter judgment against Defendants City of Polk City, Iowa, and Chelsea Huisman; declare that Defendants violated Iowa Code section 80F.1(15); reinstate Plaintiff to her position as Firefighter/Paramedic or, in the alternative, award actual damage, including but not limited to appropriate backpay and front pay; benefits, and other damages; award costs and reasonable attorney fees as allowed by law; and grant all such further relief as the Court deems just and equitable.

**JURY DEMAND**

COMES NOW the Plaintiff and requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Amy Beck*
FIEDLER LAW FIRM, P.L.C.
Amy Beck AT0013022
amy@employmentlawiowa.com
Ashley Griffin AT0015719
ashley@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone: (515) 254-1999
Facsimile: (515) 254-9923
ATTORNEYS FOR PLAINTIFF

E-FILED 2025 NOV 25 9:08 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| ALISSA FURRY,<br><br>Plaintiff,<br><br>VS.<br><br>CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, and JEREMY SIEPKER,<br><br>Defendants. | Case No. LACL164600<br><br>**ACCEPTANCE OF SERVICE** |

I, Erin Clanton, hereby acknowledge receipt and accept service of the Original Notices and Petition and Jury Demand on behalf of **City of Polk City, Iowa, Chelsea Huisman, and Jeremy Siepker.** This acknowledgement is taking place in Des Moines, Iowa on the 25th day of November, 2025.

Erin M. Clanton

Erin Clanton
Brick Gentry P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Phone: 515-274-1450
erin.clanton@brickgentrylaw.com
ATTORNEY FOR CITY OF POLK CITY, IOWA, CHELSEA HUISMAN, AND JEREMY SIEPKER